**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HORACE BRACY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6937** |
| **ABB, INC., ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this asbestos exposure litigation are four motions[1] for summary judgment, by Defendants Warren Pumps, LLC, Huntington Ingalls, Inc. ("Avondale"), International Paper Company ("IP"), and Uniroyal Holding, Inc. ("Uniroyal"). Certain Defendants have joined[2] in Avondale's motion. Defendants submit that they are entitled to summary judgment dismissing the claims asserted against them given the absence of any expert evidence linking Horace Bracy's alleged asbestos exposure while working for Avondale to his lung cancer diagnosis.[3] Warren Pumps, IP, and Uniroyal assert an additional ground for summary judgment: an absence of evidence to support the allegation that Horace Bracy[4] was exposed to asbestos from any products or equipment manufactured, sold, or supplied by them.[5]

---

[1] ECF Nos. 191, 193, 194, and 196.

[2] The following Defendants have joined in Avondale's motion for summary judgment (ECF No. 193): IP; Uniroyal; Certain Underwriters of Lloyd's, London; General Electric Company; Paramount Global; Foster Wheeler LLC; Taylor-Seidenbach, Inc.; Redco Corporation; Carrier Corporation; Elliot Company; ITT, LLC; IMO Industries Inc.; Warren Pumps. *See* ECF No. 204 (granting ECF Nos. 195, 197, 198, 199, 200, 201, 202, 203) and ECF No. 210 (granting ECF Nos. 205, 207).

[3] See ECF Nos. 191, 193, 194, 196.

[4] Horace Bracy died in November 2025, ECF No. 140, and an amended complaint was recently filed, ECF No. 230, naming his son as the party plaintiff pursuing wrongful death and survival claims.

[5] *See* ECF Nos. 191, 194, 196. In addition to seeking summary judgment in their favor as to Plaintiff's claims against them, Warren Pumps and IP seek summary judgment in their favor dismissing Avondale's crossclaims against them, while Uniroyal, sued only as a third-party defendant by third-party plaintiff Avondale, seeks summary judgment dismissing Avondale's claims against it.

These summary judgment motions were noticed for submission on March 4, 2026, requiring Plaintiff to submit a response or opposition no later than February 24, 2026. *See* LOCAL CIVIL RULE 7.5. Plaintiff has failed to file a response and has also failed to request any extension of the deadline to respond.[6] So, the Court considers the motions unopposed. The unopposed motions have merit and shall be granted.

## I.    BACKGROUND

This asbestos exposure case arises from Horace Bracy's claim that he developed lung cancer due to asbestos exposure in the late 1960s following his Navy service when he worked aboard ships for Lykes Brothers then Avondale Industries, Inc.[7] Seeking redress, Mr. Bracy sued numerous defendants in state court. Avondale removed the lawsuit in November 2023, after which Avondale filed various crossclaims and third-party claims. Following an April 2025 scheduling conference, the governing scheduling order fixed a December 2025 deadline for Plaintiff to provide his expert report to the defendants and also fixed a discovery cutoff deadline of March 4, 2026, which coincided with the deadline to notice for submission dispositive motions.[8] Plaintiff never produced an expert report nor made Rule 26 expert disclosures. Nor did Plaintiff seek an extension of any since-expired deadlines. Defendants timely moved for summary judgment. Plaintiff failed to respond and failed to request an extension to respond.

---

[6] Insofar as Defendants Warren Pumps, IP, and Uniroyal seek summary judgment dismissing Avondale's crossclaims or third-party claims, Avondale likewise submitted no opposition.

[7] ECF No. 1-2 ¶¶ 10-11.

[8] ECF No. 130. Given the uncertainty and delay in substituting the plaintiff, the Court vacated the unexpired deadlines, which did not include the expired expert and discovery deadlines. ECF No. 221.

## II.    LAW AND ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "[W]here the nonmovant bears the burden of proof at trial," as Plaintiff does on the asbestos exposure claims here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

To recover for asbestos exposure, Plaintiff "must show, by a preponderance of the evidence, he was exposed to asbestos, and he received an injury substantially caused by that exposure." *See Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1088 (La. 2009), *abrogated on other grounds by Pete v. Boland Marine and Mfg. Co., LLC*, 379 So. 3d 636, 643 (La. 2023). To carry this burden of proving "significant exposure to the [source] complained of to the extent that it was a substantial factor in bringing about his injury," *see id.* at 1088-89, "expert testimony is . . . required to establish [such] causation." *See, e.g., Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009).

3

The moving Defendants seek summary judgment principally on the ground that Plaintiff cannot satisfy his burden of proof on causation because he has failed to produce any expert report attributing his lung cancer to asbestos exposure.[9] Furthermore, Avondale submits that it has timely produced an expert report from Andrew J. Ghio, M.D., a pulmonologist, who attributed Mr. Bracy's lung cancer to his smoking and not to asbestos exposure.[10] Defendants Warren Pumps, IP, and Uniroyal submit that summary judgment in their favor (and against Plaintiff and/or Avondale) is warranted for the same reason plus the additional reason that Mr. Bracy failed to produce evidence that he ever worked with or around any asbestos-containing products utilized or manufactured by Warren Pumps, IP, or Uniroyal.[11] The Court agrees that summary judgment in favor of movants is warranted.

Given the absence of evidence that any exposure by Plaintiff to asbestos was the cause in fact of his lung cancer, the moving Defendants are entitled to summary judgment dismissing Plaintiff's claims. As a threshold matter, Defendants' statements of uncontested facts are deemed admitted. *See* Local Rule 56.2. In short, there is no evidence attributing Horace Bracy's lung cancer to asbestos exposure. Plaintiff is thus unable to meet his burden of proof because there is no expert evidence to establish that Horace Bracy's alleged asbestos exposure from his employment with Avondale was significant and substantially contributed to the development of his

---

[9] *See generally* ECF No. 193-1.

[10] ECF Nos. 193-2 and 193-5 (Ex. 3, Ghio Report) at 5 (opining that Mr. Bracy's lung cancer resulted from his 30-35 pack year smoking history).

[11] *See* ECF Nos. 191-1, 193-1, 196-1.

lung cancer. This absence of expert evidence favoring Plaintiff dooms his claims and entitles the moving Defendants to summary judgment.

What is more, Avondale submits expert evidence that defeats Plaintiff's mere allegations of asbestos-exposure causality, *i.e.,* Avondale produced a report from expert pulmonologist Dr. Andrew Ghio, who opined that Mr. Bracy's lung cancer was caused by smoking, not by asbestos.[12] This defense expert report remains uncontroverted. Because Plaintiff has not met his burden of submitting expert evidence proving causation, the moving Defendants are entitled to judgment as a matter of law dismissing Plaintiff's claims with prejudice. *Accord Lewis v. Taylor-Seidenbach, Inc.*, No. 23-6764, 2025 WL 2460169 (E.D. La. Aug. 26, 2025) (Guidry, J.) (granting summary judgment in defendant's favor in asbestos exposure case based on the plaintiff's failure to identify any expert witness to support causation).[13] Accordingly, all moving defendants are entitled to summary judgment dismissing with prejudice Plaintiff's claims against them for this reason—absence of expert evidence to support causation—alone.[14]

Defendants Warren Pumps, IP, and Uniroyal additionally are entitled to summary judgment dismissing the claims of Plaintiff and/or Avondale, given the absence of any evidence in the record attributing Mr. Bracy's lung cancer to exposure

---

[12] ECF Nos. 193-2 and 193-5 (Ex. 3, Ghio Report) at 5 (opining that Mr. Bracy's lung cancer resulted from his 30-35 pack year smoking history).

[13] There, like here, the plaintiff's failure to identify any expert warranted summary judgment in the moving defendants' favor.

[14] For the same reasons, Defendants IP and Warren Pumps are additionally entitled to summary judgment dismissing Avondale's crossclaims against them and Uniroyal is entitled to summary judgment dismissing Avondale's third-party claims against it.

5

to the specific products or equipment of Warren Pumps, IP, or Uniroyal.[15] Though Mr. Bracy was deposed before his death, Plaintiff has not pointed to any sworn testimony (or other evidence) that Mr. Bracy associated his asbestos exposure to any Warren Pumps, IP, or Uniroyal product or equipment with which he worked while employed at Avondale from June to August 1969. The absence of any evidence in the summary judgment record attributing Mr. Bracy's lung cancer to exposure to any product or equipment of Warren Pump, IP, or Uniroyal product or equipment is independently fatal to asbestos-exposure claims against these three defendants.

Finally, Defendants Warren Pumps, IP, and Uniroyal—in addition to joining in Avondale's motion for summary judgment—seek summary judgment in their favor dismissing Avondale's crossclaims (or, as to Uniroyal, third-party claims) against them for the same reasons: an absence of causation evidence or any evidence that Mr. Bracy was exposed to asbestos in working with any product or equipment of Warren Pumps, IP, or Uniroyal. Avondale does not oppose the motions, which identify an absence of evidence on an essential element. These Defendants are entitled to judgment as a matter of law dismissing Avondale's crossclaim and third-party claims.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendants' unopposed motions[16] for summary judgment are **GRANTED**. Avondale's crossclaims against Warren Pumps, LLC and

---

[15] *See, e.g.,* ECF Nos. 191-1, 194-1, 196-1.
[16] ECF Nos. 191, 193, 194, and 196; *see also* ECF No. 204 (granting ECF Nos. 195, 197, 198, 199, 200, 201, 202, 203) and ECF No. 210 (granting ECF Nos. 205, 207).
[16] See ECF Nos. 191, 193, 194, 196.

International Paper Company are **DISMISSED WITH PREJUDICE**; Avondale's third-party claims against Uniroyal Holding, Inc. are **DISMISSED WITH PREJUDICE**; and Plaintiff's claims against the following Defendants are **DISMISSED WITH PREJUDICE**: Huntington Ingalls Incorporated; International Paper Company; Certain Underwriters of Lloyd's, London; General Electric Company; Paramount Global; Foster Wheeler LLC; Taylor-Seidenbach, Inc.; Redco Corporation; Carrier Corporation; Elliot Company; ITT, LLC; IMO Industries Inc.; Warren Pumps, LLC.

**IT IS FURTHER ORDERED** that, because no claims remain against Huntington Ingalls Incorporated, any third-party or crossclaims asserted by Huntington Ingalls Incorporated are moot and are therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, not later than **June 3, 2026**, counsel for all remaining parties shall submit a joint status report as to the remaining claims and/or a motion requesting a conference to select pretrial conference and trial dates.

New Orleans, Louisiana, this 13th day of May, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE